CITY OF PADUCAH *v.* A. S. JONES'S ADM'X.

**City Improvements—Contract.**
> One who contracts with the city has a right to do so upon the faith of the fact that its council had not disobeyed the law, and where the costs of public improvements made by him thereunder cannot be collected from property owners because of a faulty ordinance he can look to the city to pay him.

**APPEAL FROM McCRACKEN CIRCUIT COURT.**

**December 1, 1876.**

OPINION BY JUDGE LINDSAY:

When Jones contracted with the city to improve the street, he agreed to look to the property holders for compensation. He did not expect to look to the city, because he knew that the city had power to charge the costs of such work upon the property improved. The recitals in the ordinance and the contract that the city was to be liable for no part of the cost of the work, were but the recitals of that which both the city and the contractor knew to be the express provision of law, and Jones would have been bound to look to the property owners, in the same way, had these recitals been omitted. But neither the ordinance nor the contract bound Jones to do the work for nothing, in case it should turn out that the city council had failed to keep its journal in the manner the law directs, and by such failure had made it impossible for him to enforce the contract against the property owners. If a provision to this effect had been incorporated either in the ordinance or contract, then Jones would have had notice of the city's intention, and would doubtless have gone behind the

municipal law, which was valid on its face, and made examination as to whether the city council had followed the law, in passing it, and in keeping a record of its proceedings.

Jones had the right to contract with the city upon the faith of the fact that its council had not disobeyed the law, and he cannot be held to have had notice of the council's defeat, nor to have agreed to release the city from the legal consequences of its neglect, merely because the effect of its organic law when obeyed, was recited in the ordinance and in the contract.

The judgment of the court below is *affirmed*.

*L. D. Husbands, for appellant. P. D. Yeiser, for appellee.*